UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORETTA A. MIERZWA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 08 C 6390<br><br>Magistrate Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Plaintiff Loretta A. Mierzwa filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of her application for Disability Insurance Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On August 26, 2009, the Magistrate Judge granted the parties' stipulation and remanded the case to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for further administrative proceedings. A supplemental hearing was held before the Administrative Law Judge ("ALJ") on January 24, 2012, and a fully favorable decision was entered on April 27, 2012. (Mot. ¶¶ 6–7). Plaintiff's Notice of Award, dated September 3, 2012, awarded $127,235 in past due benefits, of which $30,884.25, or 25%, was withheld for attorney fees. (*Id.* ¶ 8, Ex. C).

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security and is substituted for her predecessor, Michael J. Astrue, as the proper defendant in this action. Fed. R. Civ. P. 25(d)(1).

Plaintiff's Counsel now files a motion seeking $30,884 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (Mot. 1). The Commissioner argues that the fees are unreasonable and the Court should decline to award the full amount. For the reasons set forth below, the Court grants the Motion in part.

## I. BACKGROUND

Counsel represented Plaintiff on her Social Security claim, both in administrative proceedings and in federal court, since November 1, 2008. (Mot. ¶¶ 2, 4–6). He agreed to represent Plaintiff in her Social Security proceedings in exchange for 25% of any past-due benefits awarded to her by the Social Security Administration. (*Id.* Ex. A). Under the fee agreement, if Counsel were unable to achieve a favorable result for Plaintiff, he would receive no compensation. (*Id.*). Counsel documented 15.3 hours for work related to his representation of Plaintiff in federal court (*id.* Ex. D), and 47.5 hours related to his representation of Plaintiff in administrative hearings subsequent to the August 2009 remand (Reply Ex. A).

The Commissioner contends that the Motion should be denied because Counsel did not provide the Court with his noncontingent hourly rate, and the effective hourly rate for Counsel's 15.3 hours representing Plaintiff in federal court "constitutes a windfall." (Resp. 25). In his Reply, Counsel does not provide his noncontingent hourly rate, but does explain that he is not requesting the full $30,884 fee for his work in federal court. (Reply ¶ 3). Instead, Counsel seeks a percentage of the fees based on the ratio of time spent in federal court. (*Id.* ¶¶ 3–9).

## II. DISCUSSION

The Social Security Act prescribes the "exclusive regime for obtaining fees for successful representation" of an individual claiming benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Fees for representation during the judicial review stage are treated discretely from those for representation in administrative proceedings. *Id.* at 794 ("[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court"). Fees charged by claimant's counsel must be reasonable and the combination of § 406(a) and § 406(b) fees may not exceed 25% of claimant's past-due benefits.[2] 42 U.S.C. §§ 406(a)(2)(A)(ii)(I), 406(b). The Act also provides that any attempt to collect fees in excess of those provided by § 406 would constitute a criminal offense. *Id.* § 406(a)(5), (b)(2).[3]

The *Gisbrecht* Court noted that "Congress sought to protect claimants against 'inordinately large fees' but also to ensure that attorneys representing successful

---

[2] The Social Security Administration allows for a splitting of fees between the court representation pursuant to § 406(b) and the administrative representation pursuant to § 406(a). "If a Federal court in any proceeding under title II of the Act makes a judgment in favor of a claimant who was represented before the court by an attorney, and the court, under section 206(b) of the Act, allows to the attorney as part of its judgment a fee not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of the judgment, we may pay the attorney the amount of the fee out of, but not in addition to, the amount of the past-due benefits payable." 20 C.F.R. § 404.1728.

[3] A claimant's attorney is also eligible to request fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. While fee awards may be made under both § 406 and EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (citation omitted). Here, Counsel is not requesting EAJA fees.

claimants would not risk 'nonpayment.'" 535 U.S. at 805. The Supreme Court also recognized that Congress accepted contingency fee agreements as an "effective means of ensuring claimant access to attorney representation." *Id.* To balance these goals, the Supreme Court held that courts must review § 406(b) petitions for reasonableness, and the petitioning attorney "must show that the fee is reasonable for the services rendered." *Id.* at 807. The Supreme Court described a reasonableness review as "based on the character of the representation and the results the representative achieved," and described three situations in which courts have appropriately reduced fees as unreasonable: (1) the "representation is substandard," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," and (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* at 808.

The Commissioner argues that because Counsel did not provide his noncontingent hourly rate, the petition for fees should be dismissed. (Resp. 2). The Commissioner contends that *Gisbrecht* encourages courts to require a record of hours expended and a noncontingent hourly rate to evaluate reasonableness of the petitioning attorney's fee request. (*Id.*) (citing 533 U.S. at 808). The Court finds the Commissioner's argument unavailing.

First, the Supreme Court did not absolutely *require* that counsel provide either the hours expended or a noncontingent hourly rate in order to assess reasonableness. *See Gisbrecht*, 533 U.S. at 808 ("[T]he court *may* require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a

statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (emphasis added). Moreover, because claimants do not have the resources to hire a representative on an hourly or pre-set fee basis, attorneys representing Social Security claimants generally rely on contingent-fee agreements. Therefore, the Court will not require Counsel to submit a standard hourly rate and accepts his documentation of hours recorded (Mot. Ex. D; Reply Ex. A), as sufficient to assess his fees for reasonableness.

The Commissioner also contends that Counsel's effective hourly rate represents a windfall and should be reduced. (Resp. 3). The Commissioner reached this conclusion by deriving a $2,016 hourly rate if the maximum fee award possible of $30,844 were applied solely to the 15.3 hours of representation before the federal courts. (*Id.* 4). However, Counsel underscores that he is not requesting the entire $30,844 withheld from Plaintiff's past-due benefits. Instead, he has separately filed a § 406(a) petition for fees incurred in the administrative proceedings. (Reply ¶ 3). Counsel contends that an effective hourly rate of $491.15 would result were he to be awarded the full statutorily permissible representation fee of $30,844. (*Id.* ¶ 8). The 15.3 hours of representation before the federal courts represents 24.4% of Counsel's total hours representing Plaintiff on her Social Security claim. (*Id.* ¶ 7). Thus, Counsel requests the proportional sum of $7,514.60—the effective hourly rate of $491.15 for 15.3 hours of work before this Court. (*Id.* ¶ 9).

Judges within the Northern District of Illinois have evaluated and approved Social Security fee requests resulting in an effective hourly rate larger than the

$491.15 that Counsel requests. *See, e.g., Anderson v. Astrue*, No. 08 CV 613, 2011 WL 379042, at *2 (N.D. Ill. Jan. 27, 2011) (approving 25% contingent fee where Commissioner objected on ground that award would amount to an effective rate of $982.91 per hour); *Reindl v. Astrue*, No. 09 CV 2695, 2012 WL 4754737, at *2 (N.D. Ill. Oct. 4, 2012) (approving a $32,257 representation fee for 27.7 hours in the federal courts, and noting that the hourly rate would have been $645 had the additional 28.9 hours of work in the administrative proceedings been included in the calculus). The Court finds that Counsel's fee request is reasonable. The overall favorable result for the plaintiff is not out of proportion to the 62.8 total hours of work combined between the federal court and administrative proceedings. Furthermore, the Commissioner does not contend and this Court does not find any evidence that Counsel's work was in any way substandard, or that he contributed to any delays in the proceedings. *See Gisbrecht*, 535 U.S. at 808.

The Court declines, however, to award the full $30,844 for which Counsel is eligible on the basis of his representation in the federal court alone. First, Counsel has petitioned for a portion of these fees under § 406(a), and the ALJ is appropriately situated to determine the outcome of the fee petition based on the 47.5 hours of work representing Plaintiff in the administrative proceedings. Second, Counsel asked the court only for the proportion of fees associated with federal court representation. (Reply p. 2). And third, while it is within the statute for this Court to award the representative the full 25% reserved for fees (§ 406(b)), it would not be reasonable to do so in this case. The matter before this Court did not reach full

briefings, and while Counsel's representation was ultimately effective for the claimant, his representation before this Court did not by itself result in the favorable ruling; the ALJ conducted a full hearing after the matter before this Court concluded.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees [22] is GRANTED in part. The Court GRANTS Counsel's petition for § 406(b) fees in the amount of $7,514.60.

E N T E R:

Dated: March 15, 2013

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge